IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AQUANETTE THOMPSON, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-<br>)<br>)<br>) |
| MARKOFF LAW LLC, | )<br>) |
| Defendant. | ) Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Aquanette Thompson, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. See *Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

4. Plaintiff has suffered an injury in fact from Defendant's communication of false information regarding: the amount of debt being sought, previous communications

made with Plaintiff, and additional charges and amounts being added to a collection account. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Aquanette Thompson, ("Plaintiff') is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for an CTA C&M Federal Credit Union loan. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a (3) of the FDCPA.

6. Markoff Law LLC ("Markoff"), is an Illinois Limited Liability Company that does or transacts business in Illinois. Its registered agent is located at 305 N. Peoria Street, Suite 200 Chicago, IL 60607.

7. At the time of filing of this lawsuit, Markoff maintained a website: https://markofflaw.com/ .

8. At the time of filing of this lawsuit, the website stated in part as follows:

Practice Areas
Consumer and Commercial Debt Collection

- Retail Installment Contracts
- Bank Loans and Mortgages

- Credit Cards
- Student Loans
- Healthcare and Medical Debts
- Bad Checks
- Overdrafts
- Rent
- Municipal Fines and Debts
- Casino Markers

https://markofflaw.com/practice-areas/, Accessed on 28 December, 2020.

9. At the time of filing of this lawsuit, the website also stated in part as follows:

Notice

Markoff Law LLC is a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose. https://markofflaw.com, Accessed on 28 December, 2020.

10. In the year 2020, Markoff filed at least 50 lawsuits in the Circuit Court of Cook County, Illinois that sought to collect defaulted consumer debts.

11. In the year 2020, Markoff filed at least 50 lawsuits in the Circuit Court of Cook County, Illinois that contained a signed CREDIT CARD OR DEBT BUYER COLLECTION ACTION AFFIDAVIT filed pursuant to Illinois Supreme Court Rule 280.2.

12. Markoff Law LLC regularly collects or attempts to collect defaulted consumer debts on behalf of others and is a "debt collector" as the term is defined in § 1692a (6) of the FDCPA.

**FACTUAL ALLEGATIONS**

13. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for an CTA C&M Federal Credit Union ("C&M") consumer credit account ("alleged debt").

14. The alleged debt is thus a "debt" as that term is defined by § 1692a (5) of the FDCPA.

15. Plaintiff encountered financial difficulty and defaulted on the alleged debt.

16. Markoff subsequently began collecting the alleged debt.

17. On or about July 3, 2020, Markoff sent a collection letter ("Letter") to Plaintiff in an attempt to collect the alleged debt. (Exhibit A, Letter).

18. Plaintiff received and read the Letter.

19. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

20. Thus, the Letter was a communication as that term is defined in §1692a (2) of the FDCPA.

21. In fact, the Letter was Markoff's initial communication with Plaintiff made in connection with the collection of the alleged debt.

22. The Letter stated that the "amount of debt" was $8,928.34.

23. However, the Letter failed to provide any indication that the amount of the alleged debt was increasing daily.

24. In fact, according to Markoff, the amount of the debt was increasing daily due to interest, with an Annual Percentage rate of 17.000 %.

25. The Letter further failed to indicate by what date, if any, Markoff would accept the "Amount of Debt" stated therein as payment in full on the alleged debt.

26. Plaintiff was misled by the Markoff Letter, as she did not know that the debt was increasing daily due to interest and other charges.

27. An unsophisticated consumer would be misled by the Markoff Letter, as he or she would not know that the debt was increasing daily due to interest and other charges, and would be less concerned about paying the debt quickly than if he or she knew the truth.

28. Moreover, by the time Plaintiff received the Letter, the amount of the alleged debt had increased from the amount listed on the Letter, due to the fact that interest was being imposed daily.

29. Thus, had Plaintiff paid the amount listed in the Letter, she would still owe money to C & M, unbeknownst to her.

30. Plaintiff reasonably believed that the alleged debt was fixed, as the Letter states in part that "Markoff Law LLC represents the above creditor to collect *the above amount.*" (Exhibit A, Letter, emphasis added).

31. The "above amount" listed on the Letter was $8,928.34.

32. Because Markoff communicated that it was hired to collect the specific amount of $8,928.34, Plaintiff believed that the amount was fixed and would not go up.

33. The statement that Markoff represents C&M to collect the "above amount" is false, as it was hired to collect an ever-increasing amount from Plaintiff.

34. The statements contained in the Letter thus increased the risk of harm to Plaintiff and affected her decision-making as to the alleged debt, as she risked paying the

alleged debt in the amount stated based on her reasonable understanding that the debt would be paid in full by making said payment, when in fact the making of said payment would not resolve the alleged debt, as it had increased substantially since the Letter was mailed.

35. The statements contained in the Letter also increased both the harm and the risk of harm to Plaintiff as the Letter communicated that the amount being collected was fixed and not increasing, which was false, and which resulted in Plaintiff believing that she could pay said amount at a later time, when in fact her indebtedness increased substantially due to her reliance on the statements made (and not made) by Markoff.

36. Markoff thus failed to accurately communicate the amount of the alleged debt in its Letter to Plaintiff.

37. On October 2, 2020, Markoff filed a lawsuit ("State Action") against Plaintiff on behalf of its client, C&M, to collect the alleged debt.

38. The State Action was titled *CTA C&M Federal Credit Union v. Aquanette Thompson*, Case No. 2020M1118912, and was filed in the Circuit Court of Cook County, Illinois. (Exhibit B, State Action).

39. The State Action stated an "Amount Claimed" of $11,343.67 plus costs".

40. The State Action was thereafter served on Plaintiff, on or about December 8, 2020.

41. Plaintiff thereafter read and reviewed the State Action.

42. After reading the State Action, Plaintiff became aware that interest, collection charges and costs had increased the amount sought by Markoff by well over

twenty-five hundred dollars between the time she received the Letter, and the time she received the State Action.

43. Plaintiff was shocked that the amount of the alleged debt had increased from $8,928.34 in July of 2020 to $11,343.67 plus costs in October of 2020, just a few months later.

44. Plaintiff experienced shock and emotional distress at the fact that the alleged debt had increased to $11,343.67 plus costs from the time she received the Letter.

45. Had Plaintiff known that the alleged debt was increasing in the manner that it was, she would have sought to resolve the alleged debt upon receipt of the Letter to avoid incurring a higher obligation.

46. Markoff's statements affected Plaintiff's decision-making as to the alleged debt, as she would have sought to resolve the alleged debt earlier had she known that it would increase by thousands of dollars within a span of a few months.

47. Moreover, Markoff made misrepresentations in the State Action relating to the substance of previous communications made to Plaintiff relating to the amount of the alleged debt.

48. Specifically, the State Action states in part that "Due demand has been made on Defendant(s) to pay this amount, and Defendant(s) has failed to do so." (Exhibit B, State Action).

49. "This amount", as reflected in the State Action, is $11,343.67.

50. However, a demand for $11,343.67 was never communicated to Plaintiff by Markoff prior to the date upon which she was served with the State Action.

51. Markoff's statement that "Due demand…has been made…to pay this amount" is false.

52. Markoff's statement that "Due demand" for the amount of $11,343.67 was previously made to Plaintiff is false, unfair, misleading and deceptive, as a demand for $11,343.67 was never made to Plaintiff prior to the date upon which she was served with the State Action.

53. Plaintiff was misled by the statement that demand was made previously for $11,343.67, and confused as to whether Markoff had made such a demand, as she did not recall receiving a demand for $11,343.67 previous to being served with the State Action.

54. Markoff intended that its statement that it had already made demand for the amount sought, but that Plaintiff failed to pay it, make Plaintiff appear to be a deadbeat so that the State Court would be more inclined to enter judgment against Plaintiff, and Markoff intended that Plaintiff rely on the misstatement so that Plaintiff would believe that she had been asked to pay $11,343.67, when in fact she had not been asked to pay aid amount at any time, by Markoff.

55. Plaintiff was confused and mislead as a result of Markoff's statement that it had previously demanded that Plaintiff pay $11,343.67, and did not understand the amount she was required to pay as a result of Markoff's inconsistent statements relating to the amount of the alleged debt, contained in the Letter and State Action.

56. 15 U.S.C. § 1692g(a)(1) provide in part as follows:

**§ 1692g Validation of Debts**

**(a) Notice of debt; contents**

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt**

57. Markoff failed to effectively state the amount of the debt, in violation of § 1692g(a)(1), when it failed to inform Plaintiff that the amount was increasing regularly, and when it communicated that the alleged debt was being collected only in "the above amount".

58. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt;**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

59. Markoff made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e (2)(a) and 1692e (10), when it failed to accurately state the amount of an alleged debt.

60. Markoff made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e (2)(a) and 1692e (10), when it misrepresented that it was hired to collect "the above amount", when in fact it sought to collect thousands of dollars more from Plaintiff thereafter.

61. Markoff made a false statement when it represented that "Due demand" for the amount of $11,343.67 was previously made to Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692e (10), when no such previous demand was made.

62. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

63. Markoff engaged in an unfair means to collect the alleged debt, in violation of 15 U.S.C. § 1692f, when it attempted to collect a debt without informing a consumer that the amount of the debt was increasing.

64. Markoff engaged in an unfair means to collect the alleged debt, in violation of 15 U.S.C. § 1692f, when it unfairly communicated to Plaintiff that it was only hired to collect an amount certain from Plaintiff, though it thereafter sought to collect substantially more from her.

65. Markoff engaged in an unfair means to collect the alleged debt, in violation of 15 U.S.C. § 1692f, when it represented that "Due demand" for the amount of $11,343.67 was previously made to Plaintiff, when no such previous demand was made.

66. For debts where it is possible that the amount due could vary, it is mandatory for the debt collector to inform the consumer of this fact and to disclose how to determine the balance of the debt. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) (providing sample language a debt collector may use to satisfy the amount-of-debt provision of the FDCPA).

67. Markoff's failure to disclose the possibility of interest, late charges, or other charges continuing to accrue on the alleged debt is deceptive as a matter of law.

*Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

68. "Other charges" could also be imposed on the alleged debt, though no reference to any potential for other charges to be imposed was communicated in the Markoff Letter.

69. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

70. Plaintiff brings this action individually and on behalf of two classes:

**Increasing Balance Class--Markoff**

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant Markoff attempted to collect a defaulted consumer debt that was increasing daily due to interest (3) by mailing a letter substantially similar to Exhibit A, which (4) which letter does not reference "interest" and/or any "other" charges and otherwise fails to indicate that the alleged debt was increasing daily due to "interest" and/or "other charges" (5) which also states that "Markoff Law LLC represents the above creditor to collect the above amount." (6) where Markoff thereafter attempted to collect the "above amount" plus interest and/or other charges (7) where said letter was mailed during the period of time that begins one year prior to the filing of this Complaint and ends on the date of filing this Complaint, and:

**Due Demand Class--Markoff**

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant Markoff attempted to collect a defaulted consumer debt on behalf of a credit union that was increasing daily due to interest and/or collection fees (3) by filing and serving a lawsuit substantially similar to Exhibit B, (4) which states in part that "Due demand has been made on Defendant(s) to pay this amount, and Defendant(s) has failed to do so." (5) where Defendant had not previously communicated the "amount stated" to said persons (6) where said letter was mailed during the period of time that begins one year prior to the filing of this Complaint and ends on the date of filing this Complaint.

71. The Letter contained within Exhibit A is a form letter, and the Class likely consists of more than 40 persons from whom Markoff attempted to collect a debt using a letter substantially similar to that contained in Exhibit A.

72. The letter contained within Exhibit B is a form complaint, and the Class likely consists of more than 40 persons from who the Defendant Markoff attempted to collect a debt using a complaint substantially similar to that contained in Exhibit B.

73. Plaintiff's claims are typical of the claims of each Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues, as the violations asserted are based on the form letters mailed and form complaints used by Defendant. Common relief is therefore sought on behalf of all members of the Classes.

74. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

75. The prosecution of separate actions by individual members of the Classes would create a risk inconsistent or varying adjudications with respect to individual

members of each Class, and would, as a practical matter, either be dispositive of the interests of other members of each Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

76. Plaintiff will fairly and adequately protect and represent the interests of the Classes. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Defendant's conduct was perpetrated on all members of both Classes and will be established by common proof.

77. Plaintiff has retained counsel that has been approved as class counsel in class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM— INCREASING BALANCE

78. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

79. Markoff failed to state the amount of the debt, in violation of § 1692g(a)(1), when it failed to inform a consumer that the debt amount owed was increasing.

80. Markoff made a false misleading and deceptive statement, in violation of 15 U.S.C. §§ 1692e, 1692e (2)(a) and 1692e (10), when it failed to accurately state the amount of an alleged debt, and when it misrepresented that the debt being collected was for a fixed amount.

81. Markoff engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it attempted to collect a debt without informing a consumer that the amount of the debt was increasing, and when it misrepresented that the debt being collected was for a fixed amount.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against Markoff as follows:

A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k (a)(2)(B), and actual damages, if any;

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3);

C. Such other or further relief as the Court deems proper.

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM—DUE DEMAND

82. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

83. Markoff made a false statement when it represented that "Due demand" for the amount of $11,343.67 was previously made to Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692e (10), when no such previous demand was made.

84. Markoff engaged in an unfair means to collect the alleged debt, in violation of 15 U.S.C. § 1692f, when it represented that "Due demand" for the amount of $11,343.67 was previously made to Plaintiff, when no such previous demand was made.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against Markoff as follows:

A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k (a)(2)(B), and actual damages, if any;

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted,

By: *s/Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*
Mario Kris Kasalo